UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                         Chapter 7
Roy E. Cline, III and
Cheryl L. Cline,                                              Case No.: 06-25495-svk
                    Debtors.

ORDER DENYING U.S. TRUSTEE'S MOTION TO RECONSIDER

The U.S. Trustee timely filed a Motion to Reconsider on February 22, 2007, requesting the Court to revise its February 12, 2007 Order Denying Motion to Dismiss Case for Abuse. A hearing was held March 19, 2007, at which counsel for the U.S. Trustee, counsel for the Debtor, and the chapter 7 trustee appeared. After having considered Motion to Reconsider and the arguments of counsel, the Court has determined that the U.S. Trustee's Motion to Reconsider should be denied.

Although the U.S. Trustee provided a supplemental case, *In re Sloan*, 06-11490-WV (Bankr. W.D. Okla. Feb. 6, 2007), that supported the original Motion to Dismiss, *Sloan* involved amendments to the debtor's schedules and means test forms potentially interfering with the U.S. Trustee's ability to analyze the relevant information in time to file the Statement of Presumed Abuse. In this case, by contrast, there have been no amendments required or made to the Debtors' schedules or means test form. The panel trustee referred the Debtors' case to the U.S. Trustee as a case possibly deserving scrutiny, but the U.S. Trustee did not request further information from the Debtors until after the 10-day period had expired. In such a case, the rule of *In re Close*, 353 B.R. 915 (Bankr. D. Kan. 2006) - namely, that the U.S. Trustee must file his Statement of Presumed Abuse within 10 days of the date first set for the meeting of creditors rather than the conclusion of the meeting of creditors - is the more logical and compelling interpretation of the requirement of § 704(b).

In the original Order, this Court stated that if the U.S. Trustee needed additional time to file the Statement of Presumed Abuse, he should request an extension before the time expires. The U.S. Trustee argued that a Motion for Extension of Time to File the Statement of Presumed Abuse is not supported by the Bankruptcy Code or Rules, and the time limit set forth in 11 U.S.C. § 704(b) cannot be extended by Rule 9006(b). The Court agrees with the U.S. Trustee, insofar as Rule 9006(b) does not provide authority for a court to extend the deadline in § 704(b). *See, e.g.*, *In re Tubular Techs., LLC*, 348 B.R. 699, 710 (D.S.C. 2006). The Court disagrees, however, that the § 704(b) deadline may *never* be extended. As the Supreme Court recently instructed in *Marrama v. Citizens Bank of Maryland*, _ U.S. _, 127 S. Ct. 1105, 1112 (2007), bankruptcy courts may use § 105(a) "to take any action that is necessary or appropriate to prevent an abuse of process." (Internal quotations omitted). For example, where it is clear that a debtor has not been forthright in providing documents to the trustee or the U.S. Trustee, or that the debtor is engaging in gamesmanship by filing a late amendment to the schedules or forms in

order to take advantage of the deadline, a motion for an order extending the § 704(b) time limits would be entirely appropriate under § 105(a).

IT IS THEREFORE ORDERED: that the U.S. Trustee's Motion to Reconsider is denied.

Dated: March 26, 2007

By the Court:

*Susan Kelley*

Susan V. Kelley
U.S. Bankruptcy Judge